## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARREN L. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:22-cv-926 |
| v. | ) | |
| | ) | |
| ERIC ARMEL, SUPERINTENDENT, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

Plaintiff Darren L. Miller, an inmate at the State Correctional Institution at Fayette, filed this *pro se* civil rights action against Superintendent Erie Armel, Correctional Health Care Administrator "Bright," and Correctional Officer "Sheetz" alleging that the Defendants committed assault and battery, retaliated against his exercise of protected speech in violation of the First Amendment and/or displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. ECF No. 8. The matter has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Presently pending before the Court is Plaintiff's motion for a preliminary injunction and/or temporary restraining order. ECF No. 13. Through this motion, Plaintiff seeks an order directing CHCA Bright "to provide the Plaintiff with off-site "in-depth" physical therapy and directing Superintendent Armel to return legal property and materials which Plaintiff deems necessary to prosecute other pending legal matters before this Court. *Id.*

1

On August 24, 2022, Judge Lanzillo issued a Report and Recommendation ("R&R"), ECF No. 16, in which he opined that Plaintiff's motion should be denied because Plaintiff had not demonstrated that he will suffer irreparable harm without the requested relief.  As to Plaintiff's medical claims, Judge Lanzillo observed that: (i) Plaintiff had admittedly received physical therapy services within the prison; (ii) although Plaintiff generally alluded to a prescribed need for "in-depth" physical therapy from an outside provider, he had not identified any particular treatments that were not available to him in the prison; (iii) Plaintiff had not indicated how such therapies or treatments were necessary to avoid irreparable harm to him, nor did he offer any support for his conclusory assertion that outside physical therapy services could potentially cure his alleged paralysis.  Judge Lanzillo further noted that Plaintiff's allegations appeared to be calculated to obtain an expedited outcome of his case, which is not an appropriate basis for seeking the "extraordinary" relief of a preliminary injunction or temporary restraining order.  ECF No. 16 at 4 (citing *Acierno v. New Castle Auth.,* 40 F.3d 645, 653 (3d Cir. 1994)).  And Plaintiff's assertion that the absence of off-site physical therapy might "possibly" result in harm in the indefinite future was not sufficient, in Judge Lanzillo's view, to establish a "clear showing of irreparable injury."  *Id.* (citing authority).

As for Plaintiff's request for an order directing the return of legal papers, Judge Lanzillo concluded that this also failed to establish a proper basis for injunctive relief.  The Magistrate Judge reasoned that any deprivation of Plaintiff's personal property, if proven, may be compensated through money damages.  ECF No. 16 at 4 (citing authority). Further, the Magistrate Judge noted that Plaintiff had not identified any claim he is at risk of losing while he awaits a decision on the merits.  In *Miller v. Hartwell*, No. 1:19-cv-399, discovery is ongoing until February 1, 2023, and no pending deadlines are imminent.  In *Miller v. Knight*, No. 1:20-

cv-234, the record reflects Plaintiff's acknowledgment that all legal materials had been returned to him on March 24, 2022. *See* ECF No. 43. Judge Lanzillo also observed that, in the latter case, Plaintiff had been permitted to retain legal materials in excess of the usual limit, id., and, in any event, the case had since been closed as a result of Plaintiff's failure to amend his pleading within the time frame allowed. *See* 1:20-cv-234.

Plaintiff filed objections to the R&R on September 26, 2022. ECF No. 18. Therein, he addresses only his claim for injunctive relief relative to his request for outside physical therapy treatment. Plaintiff states that he filed the instant motion without the benefit of his legal materials or his medical records, which he is presently seeking through discovery. Plaintiff requests that the Court order his records be produced to the Court for review or, alternatively, grant Plaintiff permission to amend his motion once the prison officials make his medical file available to him. *Id.*

After *de novo* review of the Complaint, Plaintiff's motion for a preliminary injunction and/or temporary restraining order, the Magistrate Judge's Report and Recommendation, Plaintiff's objections, and all other relevant filings in this case, the following Order is entered:

NOW, this 18th day of October, 2022,

IT IS ORDERED that Plaintiff's motion for a preliminary injunction and/or temporary restraining order, ECF No. [13], is DENIED. Insofar as Plaintiff's motion seeks an order directing Defendant Bright to provide Plaintiff with off-site physical therapy, the motion is DENIED without prejudice, and may be reasserted, if warranted, following Plaintiff's receipt of his medical records. To this limited respect, Plaintiff's objections, ECF No. [18] are SUSTAINED; in all other respects, the objections are OVERRULED.

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge

Lanzillo, dated August 24, 2022, ECF No. [16], is adopted as the opinion of this Court.


SUSAN PARADISE BAXTER
United States District Judge